By the Court:

Barbour, C.J.
This is an appeal from an order made in June, 1869, at Special Term, directing the dismissal of the complaint for want of prosecution, with costs, and an additional allowance of five per cent.
The action was in the nature of a creditor’s suit to set aside certain conveyances made by the judgment debtor, as fraudulent and void, and for the sale of the premises for the payment of the judgment.
Upon the motion the defendants showed, by affidavit, that the action was commenced in October, 1864; that issues were joined in March, 1865 ; and that in February, 1866, such issues were settled, and directed to be tried by a jury; but that the plaintiff had not placed the cause upon the calendar for trial, and younger issues had been reached in their regular order upon the calendar and tried.
*190 The affidavit of the plaintiff’s attorney, read in opposition, stated that he was substituted in place of the original attorney in the latter part of 1867, when, finding that the suit was brought upon a judgment to set aside certain alleged fraudulent conveyances, he advised the plaintiff that the most speedy remedy to ohtam his claim was to examine the debtor upon an order supplementary to execution, and thereupon, and in 1867, he proceeded to examine the debtor and several witnesses, and that such examination is still pending at Chambers; that he has vigilantly prosecuted such examination from 1867 to the present time, and he believes that the same will show the judgment debtor has some $20,000 of property ¡real and personal, that should he applied hy the court to satisfy the judgment. The pleadings were not read upon the motion, nor is the amount claimed to be due upon the judgment stated in the affidavits; but as the Clerk, upon taxation of costs, has inserted $140 as the allowance of five per cent, upon the plaintiff’s claim, it may thence be inferred that the complaint claims $2,800 to be due upon the judgment. ISTo excuse is given for the failure on the part of the plaintiff to bring the cause to a trial except a statement in the affidavit of his attorney that the affiant, when substituted in 1867, supposed the cause was upon the calendar. The real reason for the delay is probably to be found in the same affidavit, where the attorney alleges that he has prosecuted the examination of the judgment debtor on supplementary proceedings until the present time, “ with the expectation to be able to satisfy said judgment, and necessarily terminate this suit thereby.”
Upon an examination of the calendar and records of the court, it appears that causes in which the issues were joined late in March, 1865, were reached in their regular order upon the calendar, and-tried as early as the month of October of that year, and it is believed that at every trial term held since that date causes have been reached in their order upon the calendar within five months after issue joined therein.
The evidence contained in the plaintiff’s affidavits does not *191 show any excuse worthy of consideration for not proceeding in the regular way and bringing the action to a trial. There can be no doubt, therefore, that the failure of the plaintiff for more than four years to put his cause upon the calendar, so that it could be brought to a trial when reached in its order according to the course and practice of the court, entitled the defendants to a dismissal of the complaint, with costs, under the twenty-seventh rule of the courts, unless such dismissal would work an irreparable injury to the plaintiff; such, for instance, as might be caused by a removal of the equitable lien of a Us pendens in a suit of this character. In that case, it appears to me the court might properly, in the exercise of a sound judicial discretion, have permitted the plaintiff, by its alternative or conditional order, to proceed and try his cause at the then pending or next term, upon payment of costs. But the statement contained in the affidavit of the plaintiff’s attorney, to the effect that property has been discovered upon the supplementary examination to the amount of some $20,000, which ought to be applied to the payment of the judgment, showed conclusively that the continuance of a lis pendens lien in this suit was not necessary for the protection of the rights of the plaintiff. The dismissal of the complaint for want of prosecution was, therefore, right and proper.
The objection of the plaintiff to the allowance of five per cent, made to the defendants by the order is not well taken. To entitle the prevailing party to an allowance under the 309th section of the Code, it was not necessary that a trial should have been had. It was enough that a defense had been interposed, hi or was any notice required beyond what was contained in the order directing the plaintiff to show cause why the defendants should not have costs and farther relief. That entitled the defendants to move for an allowance, and we may assume, in the absence of evidence to the contrary, that such motion was made. So, too, as to the $10 awarded to the defendants as costs of the motion to dismiss. The costs of the motion were in the discretion of the court (Code, § 315).
The order appealed from should be affirmed, with costs.